# EXHIBIT B

# Complaint And Jury Demand to Trans Union, LLC

STATE OF MICHIGAN
IN THE 32A DISTRICT COURT

STEPHEN E. ARTHUR,
    Plaintiff,
v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation,
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company,
TRANS UNION, LLC,
a Delaware limited liability company,
FIRST PREMIER BANK,
a foreign corporation, and
BANK OF AMERICA, N.A.,
a national banking association,
    Defendants.
_____/
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, STEPHEN E. ARTHUR, THROUGH

COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN,

and for his Complaint against the Defendants, plead as follows:

## VENUE

1. The transactions and occurrences which give rise to this action occurred in the city of

    Harper Woods, Wayne County, Michigan.

1

2. Venue is proper in 32A District Court in Wayne County, Michigan as the actions and occurrences recited herein occurred in Harper Woods, in Wayne County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:
    a. Experian Information Solutions, Inc. ("Experian") which is an Ohio corporation that maintains a registered agent in Oakland County, Michigan;
    b. Equifax Information Services, LLC ("Equifax") which is Georgia company that maintains a registered agent in Ingham County, Michigan;
    c. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan;
    d. First Premier Bank ("First Premier") which, upon information and belief, is a foreign corporation that maintains its offices in South Dakota; and
    e. Bank of America, N.A. ("Bank of America") which is a national banking association that maintains offices in Utica, New York.

## GENERAL ALLEGATIONS

5. On or about March 28, 2014, Stephen D. Arthur, (Plaintiff's son "Son"), met a lady who conned him into revealing some of his personal financial information. Shortly thereafter, Son discovered that he had been scammed by the lady as she had written three separate checks against his checking account, without his permission, in the amount of $2,000.00 each, totaling $6,000.00. Son had no knowledge of these checks until they were presented

2

to the bank for payment. Plaintiff was affected by this identity theft as his name was on the Bank of America checking account.

6. In 2015, Plaintiff became aware that Chexsystems was reporting negative information on his consumer credit file due to the Bank of America fraud incident.

7. In 2015, Plaintiff obtained his credit files with Experian, Equifax and Trans Union ("Credit Reporting Agencies" or "CRAs") and noticed trade lines that did not belong to him.

8. In April 2015, Plaintiff disputed these trade lines (collectively "Bogus Trade Lines") by submitting online disputes to the CRAs. Upon information and belief, the CRAs forwarded Plaintiff's consumer disputes to the furnishers of the Bogus Trade Lines.

9. On or about October 26, 2015, Plaintiff filed a police report regarding the identity theft.

10. On or about December 1, 2015, Plaintiff filled out an Identity Theft Affidavit.

11. On or about December 30, 2015, Plaintiff obtained his Trans Union credit file and noticed that the following Bogus Trade Lines were still reporting:

    a. Bank of America with account number:   REDACTED   and
    b. First Premier with account number:   REDACTED

12. On or about April 13, 2016, Plaintiff received Equifax's investigation results which showed that First Premier continued to report the Bogus Trade Line.

13. On or about June 1, 2016, Plaintiff obtained his Experian, Equifax and Trans Union credit files which showed that First Premier continued to report the Bogus Trade Line.

14. On or about July 20, 2016, Plaintiff submitted another letter to the CRAs disputing both of the Bogus Trade Lines. With these dispute letters, Mr. Arthur attached his Identity Theft Affidavit. He also attached a letter that explained the identity theft incident which

contained a Complaint Number of 15-23586 from the St. Clair Shores Police Department showing that he filed a police report.

15. Upon information and belief, the CRAs forwarded Plaintiff's subsequent consumer dispute with the attachments to First Premier and Bank of America.

16. On or about August 7, 2016, Plaintiff received correspondence from Equifax which stated that at that time, Equifax would not block the information subject to the submitted identity theft and that it was contacting the creditor to verify the accounts.

17. On or about August 9, 2016, Plaintiff received correspondence from Experian which stated that it added a temporary initial alert to his Experian credit file. It then attached his Experian credit file which contained the Bogus Trade Lines.

18. On or about August 24, 2016, Plaintiff received Equifax's investigation results which showed that First Premier retained its Bogus Trade Line.

19. On or about August 25, 2016, Plaintiff received Trans Union's investigation results which showed that First Premier retained its Bogus Trade Line.

20. On or about August 26, 2016, Plaintiff received Experian's investigation results which showed that both First Premier and Bank of America retained their Bogus Trade Lines.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs of Mr. Arthur's consumer dispute to the Bogus Trade Line, First Premier negligently failed to conduct a proper investigation of Mr. Arthur's disputes as required by 15 USC 1681s-2(b).

23. First Premier negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the Bogus Trade Line from Mr. Arthur's credit file.

24. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Arthur's consumer credit files with the CRAs to which it is reporting such trade line.

25. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. First Premier is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mr. Arthur has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Premier for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

28. Plaintiff realleges the above paragraphs as if recited verbatim.

5

29. After being informed by the CRAs that Mr. Arthur disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Mr. Arthur's dispute.

30. First Premier willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of First Premier's willful failure to perform its respective duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. First Premier is liable to Mr. Arthur for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

6

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Experian of Mr. Arthur's consumer dispute to the Bogus Trade Line, Bank of America negligently failed to conduct a proper investigation of Mr. Arthur's dispute as required by 15 USC 1681s-2(b).

35. Bank of America negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the Bogus Trade Line from Mr. Arthur's credit file.

36. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Arthur's consumer credit file with Experian to which it is reporting such trade line.

37. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

38. Bank of America is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Mr. Arthur has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Experian that Mr. Arthur disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Arthur's dispute.

42. Bank of America willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of Bank of America's willful failure to perform its respective duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

44. Bank of America is liable to Mr. Arthur for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Bank of America for the greater of statutory or actual damages, plus punitive damages, along

with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

48. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

49. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

51. Experian is liable to Mr. Arthur by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

9

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

54. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

55. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

56. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

58. Experian is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

61. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

62. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

63. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

65. Equifax is liable to Mr. Arthur by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

66. Plaintiff realleges the above paragraphs as if recited verbatim.

67. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

68. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

69. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

70. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

71. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

72. Equifax is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

73. Plaintiff realleges the above paragraphs as if recited verbatim.

74. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

75. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

76. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

77. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

78. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

79. Trans Union is liable to Mr. Arthur by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

80. Plaintiff realleges the above paragraphs as if recited verbatim.

81. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

82. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

83. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

84. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

85. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

86. Trans Union is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

October 5, 2016

*Gary D. Nitzkin w/ permission*
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com